**John WIPFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00006–CR.**

Court of Appeals of Texas, San Antonio.

Oct. 29, 1986.

Ronald P. Guyer, San Antonio, for appellant.

Sam Millsap, Jr., John Causey, Mark Greenwald, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

## OPINION

Before CANTU, REEVES and TIJERINA,* JJ.

CANTU, Justice.

This is an appeal from a conviction for promotion of prostitution. TEX.PENAL CODE ANN. § 43.03 (Vernon Supp.1986). After trial to the court, appellant was sentenced to 120 days confinement, probated, and a fine of $2,000.00.

Appellant raises one point of error complaining of the sufficiency of the evidence to sustain his conviction. The only evidence offered at trial was the testimony of Inez Quintero, an admitted prostitute. According to Quintero, she answered a newspaper ad for an escort service called Aaltra. Quintero spoke with appellant who informed her that if she went on "dates"[1] she would receive $100.00 and appellant $50.00.

Quintero related that appellant called her one time and told her that there was a customer in a San Antonio hotel who was going to pay with his American Express card. Quintero was to call appellant when she got to the hotel and give him the American Express card number. She did so and then had sexual intercourse with the customer. Approximately three weeks later, Quintero received a check for $100.00 from appellant.

Appellant alleges that Quintero was an accomplice whose testimony was not corroborated, and thus contends that the evidence, absent corroboration, is insufficient.

TEX.PENAL CODE ANN. § 43.03 proscribes the offense of promotion of prostitution thusly:

(a) a person commits an offense if, *acting other than as a prostitute* receiving compensation for personally rendered prostitution services, he or she knowingly:

(1) receives money or other property pursuant to an agreement to participate in the proceeds of prostitution; or

(2) solicits another to engage in sexual conduct with another person for compensation. (Emphasis added).

TEX.PENAL CODE ANN. § 43.06(d) (Vernon 1974) provides:

A conviction under this subchapter may be had upon the uncorroborated testimony of a party to the offense.

One is criminally responsible as a party under TEX.PENAL CODE ANN. § 7.01(a) (Vernon 1974):

\*  \*  \*  \*  \*  \*

[I]f the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

Appellant argues that Quintero was acting as a prostitute, and therefore, cannot be charged with an offense under Section 43.03. Thus he maintains that she is not a party upon whose uncorroborated testimony conviction can be had. Appellant fur-

---

\* Associate Justice Tijerina not participating.

1. She defined dates as "spending time with a man for at least an hour and the man has paid for sexual services and you do whatever he wants."

ther points to TEX.CODE CRIM.PROC. art. 38.14 (Vernon 1979) which provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

An accomplice is one who participates before, during or after the commission of the crime. One who cannot be prosecuted for the offense with which the defendant is charged is not an accomplice. *Harris v. State,* 645 S.W.2d 447 (Tex.Crim. App.1983) (en banc); *Creel v. State,* 710 S.W.2d 120 (Tex.App.—San Antonio 1986, no pet.).

As appellant concedes, Quintero could not be an accomplice because the language of § 43.03 excludes one acting as a prostitute from being able to commit the offense of promoting prostitution. Thus, the provision in art. 38.14 is irrelevant since Quintero could not be an accomplice. If Quintero was not a party, there is no need for corroboration. If she was a party, § 43.06 eliminates the need for corroboration. Thus, under either theory argued by appellant, the uncorroborated testimony of Quintero was sufficient to sustain appellant's conviction. Appellant does not contend that Quintero's testimony does not otherwise make out a case against him.

Appellant's point of error is overruled. The judgment of the trial court is affirmed.